Jodi Paolucci
301 Lake Drive
Salisbury, N.C. 28144
845-401-2544

**RECEIVED**

NOV - 5 2019

U.S. BANKRUPTCY COURT
POUGHKEEPSIE, NY

October 31, 2019

Honorable Cecilia G. Morris
Chief Judge,
United State Bankruptcy Court,
Southern District of New York
355 Main Street
Poughkeepsie, NY 12601-3315

Re: <u>Joseph J. Paolucci, Debtor</u>
    Case No: 19-36390-CGM

Dear Judge Morris:

My name is Jodi Paolucci. I am the ex-wife of Joseph J. Paolucci, the debtor in bankruptcy, case no. 19-36390-CGM. I am writing to you because I cannot afford a lawyer to represent me in this matter.

Mr. Paolucci has named me as a creditor to whom he is indebted in the amount of $7500.00. He claims that the debt arises from a "civil judgment." The debt is listed in Schedule E/F, Part 2, item 4.7, of Mr. Paolucci's petition for bankruptcy. The claim that the debt arises from a "civil judgment" is misleading, at best. The truth is that the $7500.00 debt is a fine imposed on Mr. Paolucci, payable to me, for his contempt in failing to comply with provisions of our divorce judgment, provisions that do not relate to support. The fine was imposed by the Hon. Carol S. Klein, A.J.S.C., Supreme Court of the State of New York, Orange County. A copy of the contempt order is attached to this letter.

I have been informed that a debt of this type is not dischargeable in a Chapter 7

bankruptcy, Sec. 523(a)(15), and I believe that it is for this reason that Mr. Paolucci mischaracterized the debt as being from a "civil judgment."

I object to the discharge and challenge the dischargeability of this debt. *

Respectfully,

Jodi Paolucci

---

\*   I sent a copy of this letter to Mark A. Fisher, Mr. Paolucci's attorney, at Cajigas & Fisher, 210 East Main Street-Suite 302, P.O. Box 3090, Middletown, NY 10940, by U.S. Mail, on October 31, 2019.

## U.S. Code § 523.Exceptions to discharge

**(a)** A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

**(15)** to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit;

PRESENT: HON. CAROL S. KLEIN,
Acting Supreme Court Justice

-----------------------------------X
JODI PAOLUCCI,

                                  Plaintiff,

-against-

JOSEPH PAOLUCCI,

                                  Defendant.
-----------------------------------X

ORDER
Assigned Justice:
Hon. Carol S. Klein, A.J.S.C.

Index No.: 8931-2013

On June 5, 2019, Defendant filed a post-judgment matrimonial motion seeking contempt among other relief. On August 5, 2019, this matter went forward and a hearing was held. Plaintiff appeared *pro se* and Defendant was represented by retained counsel, Mark Fisher, Esq. The parties testified. After hearing from both parties, the Court ruled.

Plaintiff claimed Defendant violated the parties' Judgment of Divorce in that he failed to remove her name from the mortgage of the prior marital home, failed to list the house for sale or to sign a deed in lieu of foreclosure within the time frames allotted in the Judgment of Divorce. Plaintiff also claimed that Defendant failed to provide health insurance coverage for the parties' children as specified in the Judgment of Divorce. The former marital home is located at 832 Highland Lake Road, Middletown, New York.

The parties were divorced in 2014. Plaintiff testified that she moved out of the home in 2010. There was no dispute that Defendant has remained in said property since that time and that the mortgage was in default even prior to the finalizing of the divorce. Plaintiff testified about other obligations related to the parties' divorce that Defendant failed to pay. She also testified about not

1

being able to buy a new home due to her name remaining on the mortgage. She testified she has been renting the home she was planning to buy, lost money as a result and had to borrow money from others that she was not currently able to repay. She did not testify to any dollar amounts. Defendant testified that he was employed for the majority of time since 2014. Defendant's attorney represented that Defendant plans to file bankruptcy soon due to the foreclosure and amounts owed.

The Divorce Judgment stated Defendant shall provide health insurance for the parties' children. Defendant admitted that he did not provide health insurance coverage for the children since April, but did arrange for coverage starting September 1, 2019, as a result of the present motion. The Judgment further stated that Plaintiff shall sign her interest in the former marital home to Defendant, which she did. It then stated that Defendant shall have exclusive use and occupancy, pay the mortgage, taxes and utilities and shall have twelve months to remove Plaintiff's name from the mortgage. If he was unable to do so, he was to immediately list the house for sale and if not sold within 18 months, he was to sign a deed in lieu. It was undisputed that Defendant did not remove Plaintiff's name from the mortgage, list the house for sale nor sign a deed in lieu of foreclosure.

It was undisputed that the home was in foreclosure at the time of the divorce. The parties settled their divorce with the terms as set forth in their Judgment and Settlement Agreement. There was no dispute that Plaintiff signed the quit claim deed for the former marital home in favor of Defendant. There was no dispute that the deed was never recorded by Defendant as he had the original quitclaim deed with him at the hearing in this matter. His explanation for not recording the deed was that he needed a tax form signed by Plaintiff but she never signed it. Plaintiff testified that she never received the form. Defendant testified that he dropped it off a few times in her mailbox and sent it to Plaintiff by certified mail. He was unable to give clear dates as to when he dropped off the

2

tax form. From his testimony, it might have been after the time frames specified in the Judgment of Divorce for listing the property for sale. There was no certified mail receipt provided. Defendant further testified that he was not able to list the property for sale or sign a deed in lieu of foreclosure as there was a lien on the property for his child support arrearage with respect to the parties' children.

Defendant testified to submitting no less than 29 loan modifications since 2014. He testified all were accepted by the mortgage company, except he tendered not one mortgage payment claiming the lender kept requiring additional forms and that the lender has been charged with fraud. Regardless of the lender's behavior, Defendant's failure to tender even one payment despite 29 loan modification applications renders his efforts to modify the loan less than genuine.

There was testimony that Defendant was presently working as a consultant while receiving unemployment compensation benefits. He testified this was permissible as he received a stipend for this work. Plaintiff questioned the authenticity of this arrangement as Defendant was driving over one hour each way for this consulting job, and was able to get his daughter a paying job at the same company.

Based upon Defendant's testimony, the actions he stated he took in attempting to remove Plaintiff's name from the mortgage were insufficient. He admitted there was a period of time in which he did not have health insurance for the children, but did obtain some once the present contempt motion was filed. His attorney argued that Defendant's violations were not willful. The Court found Defendant to be less than credible on the witness stand.

The elements of civil contempt have been met by clear and convincing evidence. There was a lawful order of the Court in effect with an unequivocal mandate. Defendant had knowledge of the terms of the order and disobeyed it and Plaintiff was prejudice by it. (See Judiciary Law §753(a)(3));

3

(see also *El-Dehdan v. El-Dahdan*, 26 NY3d 19 (2015)). Willfulness is not required for civil contempt. (*See El-Dehdan*). The Court further finds there were no alternate means to address Plaintiff's aggrieved status especially given the testimony of the lack of equity in the property, Defendant's current financial claims and the other liens already filed against the property. The Court will stop short of finding Defendant in criminal contempt.

After due deliberation, it is hereby

ORDERED that Defendant is in contempt of the parties' Judgment of Divorce as he has not complied with its provisions; and it is further

ORDERED, that Plaintiff's motion is granted; and it is further

ORDERED, that Defendant is ordered to pay $7,500.00 as a fine to Plaintiff within 90 days of August 5, 2019; and it is further

ORDERED, that should Defendant fail to timely pay this fine, Plaintiff may make application for further relief including contempt and incarceration.

Dated: August 19, 2019
      Goshen, New York

ENTER

Hon. Carol S. Klein, AJSC

TO:

Plaintiff ✓

M. Fisher, Esq.

4